# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SHANE STROUD,

        Plaintiff,

    v.

PUBLIC DEFENDER AGENCY,
APPOINTED COUNSEL,

        Defendant.

Case No. 3:26-cv-00051-SLG

## ORDER OF DISMISSAL UPON SCREENING & NOTICE OF STRIKE

On January 30, 2026, self-represented prisoner Shane Stroud ("Plaintiff") filed a civil complaint against the Public Defender Agency, Appointed Counsel that challenges the constitutional adequacy of court-appointed defense attorneys in his state court criminal case.[1] For relief, plaintiff seeks a representation hearing, a different court-appointed criminal defense attorney, a bail hearing, and $2 million in damages.[2]

## I.    Screening Standard

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

---

[1] Docket 1 at 3-4.

[2] Docket 1 at 6.

[3] 28 U.S.C. §§ 1915, 1915A.

<blockquote>
(i)      is frivolous or malicious;

(ii)      fails to state a claim on which relief may be granted; or

(iii)      seeks monetary relief against a defendant who is immune from such relief.[4]
</blockquote>

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[5] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[6] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[7] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[8]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and

---

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[6] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[7] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[8] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Case No. 3:26-cv-00051-SLG, *Stroud v. Public Defender Agency, Appointed Counsel*
Order of Dismissal Upon Screening & Notice of Strike
Page 2 of 6

an opportunity to file an amended complaint, unless to do so would be futile.[9]

Futility exists when "the allegation of other facts consistent with the challenged

pleading could not possibly cure the deficiency."[10]

## II.  Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible

facts that, if proven, would establish that (1) the defendant acting under color of

state law (2) deprived the plaintiff of rights secured by the federal Constitution or

federal statute.[11]  To act under color of state law, a complaint must allege that the

defendant acted with state authority as a state actor.[12]  To be deprived of a right,

the defendant's action must either violate a right guaranteed by the Constitution or

an enforceable right created by a federal statute.[13]  Section 1983 does not confer

constitutional or federal statutory rights. Instead, it provides a mechanism for

remedying violations of pre-existing federal rights.[14]

## III.  Plaintiff cannot bring Section 1983 claims against a public

---

[9] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[10] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[11] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[12] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[13] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[14] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

Case No. 3:26-cv-00051-SLG, *Stroud v. Public Defender Agency, Appointed Counsel*
Order of Dismissal Upon Screening & Notice of Strike
Page 3 of 6

**defender or a public defender's office.**

An attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor,"[15] an essential element of a Section 1983 claim. Such an attorney, whether from the Office of Public Advocacy, the Public Defender Agency, or by contract, is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[16] "Except for the source of payment, . . . the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."[17] Therefore, Plaintiff cannot state a viable civil rights claim in federal court against his court-appointed attorneys in his state criminal proceedings because these defendants are not state actors. For these reasons, the Court finds the Complaint must be dismissed. Further, the Court finds any attempt at filing an

---

[15] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[16] *Id*., citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[17] *Polk County*, 454 U.S. at 318-19.

Case No. 3:26-cv-00051-SLG, *Stroud v. Public Defender Agency, Appointed Counsel*
Order of Dismissal Upon Screening & Notice of Strike
Page 4 of 6

amended complaint would be futile, so the Court will not grant Plaintiff leave to file an amended complaint.

This dismissal will count as a "strike" under § 1915(g) against Plaintiff.

## IV.    The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[18] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[19] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[20] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[21] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[22] In

---

[18] 28 U.S.C.A. § 1915(g).

[19] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[20] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[21] *Andrews,* 493 F.3d at 1056 (cleaned up).

[22] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:26-cv-00051-SLG, *Stroud v. Public Defender Agency, Appointed Counsel*
Order of Dismissal Upon Screening & Notice of Strike
Page 5 of 6

Case 3:26-cv-00051-SLG    Document 5    Filed 04/07/26    Page 5 of 6

addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[23]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED for failure to state a claim**.

2. This dismissal counts as a **STRIKE** under 28 U.S.C. § 1915(g).

3. All pending motions are **DENIED as moot**.

4. The Clerk shall issue a final judgment and close this case.

DATED this 7th day of April, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[23] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:26-cv-00051-SLG, *Stroud v. Public Defender Agency, Appointed Counsel*
Order of Dismissal Upon Screening & Notice of Strike
Page 6 of 6

Case 3:26-cv-00051-SLG    Document 5    Filed 04/07/26    Page 6 of 6